# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 00-1223

_____

Barbara J. Heath,                           *
                                            *
                   Appellant,               *   Appeal from the United States
                                            *   District Court for the Western
         v.                                 *   District of Missouri.
                                            *
Heartland Health Systems, Inc.,             *        [UNPUBLISHED]
                                            *
                   Appellee.                *

_____

Submitted:  November 17, 2000

Filed:  December 13, 2000

_____

Before BYE, HEANEY, and FAGG, Circuit Judges.

_____

PER CURIAM.

Barbara J. Heath worked for Heartland Health Systems, Inc. as an intermediate manager in the geriatrics and mental health unit of a skilled nursing facility.  In November 1996, when Heath was sixty-one years old, the leader of Heath's unit informed all department directors, including Heath, that the unit was being reorganized and they would have to reapply for positions in the new structure.  Heath applied, but was not chosen for a management position.  Heartland retained Heath to work on special projects for a few months, and when Heath refused to accept an assignment as a staff nurse in March 1997, Heartland discharged Heath.  Heath then brought this age

discrimination lawsuit against Heartland.  The district court granted summary judgment to Heartland, and Heath appeals.

The parties agree that because there is no direct evidence of age discrimination, we apply the burden-shifting analysis of McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973).  At the first step of this analysis, the plaintiff must establish a prima facie case of discrimination.  See Reeves v. Sanderson Plumbing Prods., Inc., 120 S. Ct. 2097, 2106 (2000).  The burden then shifts to the defendant to produce evidence that the plaintiff was rejected, or someone else was preferred, for a legitimate, nondiscriminatory reason.  See id.  To avoid summary judgment if the defendant satisfies this burden, the plaintiff "must present evidence that '(1) creates a question of material fact [about] whether the defendant's proffered reasons are pretextual and (2) creates a reasonable inference that age was a determinative factor in the adverse employment decision.'"  Fisher v. Pharmacia & Upjohn, 225 F.3d 915, 921 (8th Cir. 2000) (quoting Keathley v. Ameritech Corp., 187 F.3d 915, 922 (8th Cir. 1999)). Heath has failed to do so.

Assuming without deciding that Heath established a prima facie case, Heartland produced evidence of legitimate, nondiscriminatory reasons for Heath's termination. Heartland established it adopted a hospital-wide management reorganization and management cut-back plan in 1995 that was driven by the need to cut costs after a merger.  In the restructuring, all the director positions throughout Heartland were eliminated and everyone who held those positions was required to interview again. Heartland interviewed Heath like the other management candidates, using a neutral job selection process with objective criteria, but Heath did not do well. She also performed poorly on a self-assessment called an activity vector analysis.   Heath was replaced with a qualified forty-nine-year-old woman, but Heartland retained Heath for a few months until she declined a staff nurse position.  Although Heath acknowledged the hospital-wide restructuring during her deposition, Heath contends this reason is a pretext for intentional age discrimination because her position was merely renamed and

not changed in any substantive way. This is insufficient to create a material issue of fact for a jury.

We thus affirm the district court on the basis of its thorough summary judgment opinion. <u>See</u> 8th Cir. R. 47B.

 true copy.

Attest:


CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.